RECEIVED
IN LAKE CHARLES, LA.
SEP - 4 2014
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| COURTNEY DONELL ZENO | ** | CIVIL ACTION NO. 2:09-CR-00096 |
| Petitioner | ** | |
| V. | ** | JUDGE PATRICIA MINALDI |
| UNITED STATES OF AMERICA | | |
| Respondent | | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before this court is an application for Motion to Vacate, Set Aside, or Correct Sentence (Rec. Doc.115-1) pursuant to 28 U.S.C. § 2255, filed by the defendant, Courtney Donell Zeno.

### FACTS AND PROCEDURAL HISTORY

The defendant was arrested in Leesville on April 30, 2008, for six counts of distribution of five grams or more of cocaine base pursuant to 21 U.S.C. § 841(a)(1) and 841(b)(1)(B).[1] Additionally, he was charged with one count of possession with intent to distribute fifty grams or more of cocaine base and one count of civil forfeiture.[2] Counsel was appointed to represent the defendant.[3] On April 14, 2010, the defendant was found guilty of seven of the eight counts and on August 21, 2010, he was sentenced to life imprisonment.[4] Thereafter, the defendant appealed his conviction to the United States Fifth Circuit Court of Appeals.[5] On October 25, 2012, the

---

[1] Indictment [Doc. 1], at 1.
[2] *Id.* at 3-4.
[3] Mem. in Supp. of Answer by the United States to Mot. to Vacate, Set Aside or Correct Sentence Under 28 U.S.C.§ 2255 [Doc. 122-1], at 1.
[4] J./Mandate of USCA [Doc. 106], at 4. Mem. in Supp. of Answer by the United States to Mot. to Vacate, Set Aside or Correct Sentence Under 28 U.S.C.§ 2255 [Doc. 122-1], at 2.
[5] Mem. in Supp. of Answer by the United States to Mot. to Vacate, Set Aside or Correct Sentence Under 28 U.S.C.§ 2255 [Doc. 122-1], at 2.

Fifth Circuit affirmed in part and vacated in part the judgment of the district court.[6] The court rejected the defendant's evidentiary challenges, but found that the Fair Sentencing Act was applicable.[7] The court then ordered that the defendant be resentenced based on the United States Supreme Court decision in *Dorsey v. United States*, 132 U.S. 2321 (2012).[8] Following the resentencing on February 7, 2013, the defendant was sentenced to prison for 240 months.[9]

On January 22, 2014 Zeno filed a Motion to Vacate pursuant to 28 U.S.C. §2255 (Rec. Doc. 115). On March 6, 2014 the court issued an Order (Rec. Doc. 117) containing time delays for the Answer and Reply.

On March 14, 2014 Zeno filed a "Motion to Hold Zeno's §2255 in Abeyance, (rec. Doc. 118), Independently Rule on Claim I, and Allow the Fifth Circuit to Recall Its Mandate Pursuant to *Lacaze*."

The Government filed a Motion for Extension of Time of Answer (Rec. Doc. 119).[10] This motion was granted on April 2, 2104 (Rec. Doc. 120). The Government, after reviewing the defendant's Motion, filed a Motion seeking an Order Finding Waiver of Attorney/Client Privilege (Rec. Doc. 121). This motion was granted on May 14, 2014 (Rec. Doc. 124).

The Government filed an Answer (Rec. Doc. 122)[11] and the defendant filed a Motion to Strike the Answer (Rec. Doc.123).[12]

In the §2255, the defendant is challenging his conviction and his sentence of life imprisonment on the grounds that his counsel failed to advise him of his right to appeal the ruling of the Fifth Circuit to the United States Supreme Court pursuant to *Lacaze v. United*

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.* at 3.
[10] March 25, 2014.
[11] April 21, 2104.
[12] May 7, 2014.

2

*States*, 457 F.2d 1075 (5th Cir. 1972).[13] He maintains that he informed his court appointed counsel of his intention to appeal but counsel failed to file a petition for *certiorari* to the United States Supreme Court on his behalf.[14] Due to his counsel's alleged failure to file a writ, the defendant contends that he was forced to file pro se in a hurried manner thus making his writ incomplete.[15]

## LAW AND ANALYSIS

Considering the defendant's outstanding motions, the court will deny the Motion to Hold in Abeyance (Rec. Doc. 118) and will also deny the defendant's Motion to Strike (Rec. Doc. 123) the Government's Answer. In Zeno's Motion to Hold the Motion to Vacate (Rec. Doc. 115) in Abeyance, he asks the court to consider Claim I contained in the §2255. This court cannot stay the motion and consider its merits simultaneously.

Count I of the §2255 presents a claim pursuant to *Lacaze v. United States*, 457 F.2d 1075, 1079 (5th Cir. 1972). The Fifth Circuit has recognized that following the denial of the defendant's appeal, the defendant has the right to be notified timely and in writing by his appellate counsel that he may seek appeal of his conviction to the United States Supreme Court. *Lacaze, id.*, (citing *Doherty v. United States*, 404 U.S. 28 (1971); *See also United States v. Johnson*, 308 Fed.Appx. 768, 769 (5th Cir. 2009). The right of a defendant to be notified of his opportunity to appeal his conviction is part of the defendant's right to effective counsel. *Lacaze* at 1080-1081. The right applies to defendants regardless of whether they have appointed counsel. *Id.* at 1080.

---

[13] *Id.*
[14] Aff. of Courtney Donell Zeno in Supp. of 28 U.S.C. § 2255 Mot. to Vacate, Set Aside, or Correct Sentence [Doc.118-3], at ¶ 1.
[15] *Id.* at 1-4.

Upon a finding by the court that appellate counsel has failed to inform the defendant, the court will recall their prior judgment of the defendant's conviction and reissue a new judgment of the defendant's conviction essentially allowing the time line to start over. *Ward v. United States*, 486 F.2d 305, 306 (5th Cir. 1973). The court thereby advises the defendant of his right to appeal to the United States Supreme Court for review of his direct appeal. *Savage v. United States*, 483 F.2d 67, 68 (5th Cir. 1973). If the defendant is proceeding *in forma pauperis*, the court will appoint counsel to assist defendant in drafting a petition for *certiorari*. *Ordonez v. United States*, 588 F.2d 448, 449 (5th Cir. 1979). Once the prior judgment has been recalled, the defendant is restored to the "status of one on whom sentence has just been imposed and who has 10 days to institute a direct appeal." *Lacaze v. United States*, 457 F.2d 1075, 1079 (5th Cir. 1972) (*quoting Dillane v. United States*, 350 F.2d 732, 733 (1965)).

With the Government's answer, Zeno's appellate attorney filed an affidavit which states that he did not explicitly inform Zeno of his right to file for a writ of *certiorari*. However, he argues that there was no prejudice to Zeno because his appeal has no merit. The right of the defendant to seek review of the appellate court judgment to the United States Supreme Court, however, is not conditioned on the appellate counsel's evaluation on whether the defendant will be successful in his appeal. *Schreiner v. United States*, 404 U.S.67, 68 (5th Cir. 1971) *See also Lacaze v. United States*, 457 F.2d 1075 (5th Cir. 1972). The Fifth Circuit has ruled that deliberate failure of counsel to file a petition for certiorari or an unfulfilled promise made by counsel to file a petition, is sufficient for the appellate court to withdraw their mandate of defendant's case. *Ordonez v. United States*, 588 F.2d 448, 449 (5th Cir. 1979).

The Fifth Circuit was presented with a somewhat similar issue to the instant case in *United States v. Johnson*. *United States v. Johnson*, 308 Fed.Appx. 768, 769 (5th Cir. 2009).

There the defendant brought a *habeas corpus* petition alleging that his counsel failed to advise him of his right to file a petition for *certiorari* of his conviction to the United States Supreme Court. *United States v. Johnson*, No. 06-60303, slip op. at 1 (N.D. Miss. July 16, 2008), *aff'd*, 308 Fed.Appx. 768, 769 (5th Cir. 2009)). The defendant testified that he was not informed of his right to appeal in writing and correspondence from his attorney did not address such an appeal. *United States v. Johnson*, No. 06-60303, slip op. at 1 (N.D. Miss. July 16, 2008). The court affirmed that the defendant's counsel was obligated to inform him of his right to appeal to the United States Supreme Court regardless of whether she believed that his appeal would be successful. *Id.* at *2. The burden of proof is on the government to prove by a preponderance of the evidence that defendant was not informed of his right to appeal. *Id.* Upon a finding by the district court that the defendant's counsel failed to inform of his right to appeal, the court granted relief under §2255 recalling their mandate of the defendant's appeal. *United States v. Johnson*, 308 Fed.Appx. 768, 769 (5th Cir. 2009). Thereafter, a new mandate of the defendant's conviction was issued and the defendant was advised of his right to appeal to the United States Supreme Court. *Id.* Furthermore, the court appointed counsel for the defendant since he filed in forma pauperis on his appeal. *Id.*

The defendant, Mr. Zeno, alleges that his appellate counsel failed to inform him in writing of his right to file a petition for *certiorari* to the Supreme Court following the Fifth Circuit's judgment.[16] The defendant further maintains that he notified his counsel of his intentions to continue his appeal citing as evidence a November 16, 2012 correspondence from his attorney.[17]

---

[16] Aff. of Courtney Donell Zeno in Supp. of 28 U.S.C. § 2255 Mot. to Vacate, Set Aside, or Correct Sentence [Doc.118-3], at ¶1.
[17] Zeno's Exhibit 2: 11/16/2012 Correspondence [Doc. 118-1], at 1.

In the correspondence, the defendant's counsel declines to petition for a rehearing citing a lack of sufficient grounds for appeal.[18]

The government admits that the defendant "was not informed of the time delays for filing a defendant for *certiorari*" but contends that the defendant was not prejudiced as defendant's claims were without merit.[19] Furthermore, in the government's own affidavit of the defendant's counsel, defendant's attorney states that the correspondence that he sent to defendant did not address appeals to the United States Supreme Court.[20] There were there no conversations between counsel and the defendant discussing such an appeal.[21] In the affidavit submitted by the defendant's counsel he gives two reasons for not filing a petition for *certiorari*.[22] First, counsel contends that the defendant did not inform him of any intent to file an appeal.[23] Secondly, counsel argues that the defendant's case did not meet the requirements for filing such an appeal.[24]

Both the United States Supreme Court and the Fifth Circuit have ruled that appellate counsel's obligation to notify the defendant of his right to appeal to the United States Supreme Court is not affected by the potential merits of a defendant's claims. Defendants have a right to be notified in writing of their right to petition for writ of *certiorari* following the appellate court judgment on their conviction. The government failed to produce documents showing that the defendant was notified of his right to appeal to the United States Supreme Court following his appellate court judgment. To the contrary, defendant's counsel explicitly states in his affidavit that he did not inform the defendant of his right to *certiorari* to the United States Supreme Court.

---

[18] *Id.*
[19] Supplemental Answer of the United States to Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 [Doc. 125], 1.
[20] Aff. of Dustin Charles Talbot [Doc. 125-1], at 1-2.
[21] *Id.* at 2.
[22] *Id.*
[23] *Id.*
[24] *Id.*

Accordingly, the court finds that the government has failed to meet its burden of proof to dispute Mr. Zeno's allegations. For the forgoing reasons, the court finds that Mr. Zeno was not informed in writing of his right to seek review to the United States Supreme Court. For that reason, Zeno's §2255 on Count I will be granted and a Certificate of Appealability will be issued for the Fifth Circuit to determine whether it is appropriate to withdraw their mandate. The remaining claims in this §2255 will be stayed pending a ruling from the Fifth Circuit on the *Lacaze* claim.

Lake Charles, Louisiana, this 22 day of August, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE