RECEIVED
IN LAKE CHARLES, LA.

AUG 3 1 2016

TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CIVIL ACTION NO. 2:09 CR 00096-01 |
| v. | * | JUDGE MINALDI |
| COURTNEY DONELL ZENO | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Brief in Support of the Defendant-Movant's 28 U.S.C. 2255 Motion to Vacate, Set Aside, or Correct Sentence (Rec. Doc. 115) filed by Defendant Courtney Donnell Zeno ("Zeno"), pro se. The Assistant United States' Attorney filed a Response (Rec. Doc. 122). For the following reasons, the motion will be **DENIED**.

## FACTS & PROCEDURAL HISTORY

Zeno sold crack cocaine to a paid informant on six occasions between April and June of 2008. An arrest warrant was executed on November 13, 2008, and the officers found $4,819 in bundles of $1000 each, small amounts of crack cocaine, and keys to a Monte Carlo vehicle. (Rec. Doc. 106, p.2). The officers also executed a search warrant for the residence of Zeno's uncle, and they found a safe containing $36,000 and digital scales. (Rec. Doc. 10). A bag containing several "cookies" of crack cocaine was visible on the front seat of Monte Carlo parked in the driveway outside the home. (Mot. to Suppress Tr., p. 8). The key that the officers found while searching Zeno and his vehicle fit the Monte Carlo. (Rec. Doc. 106).

On May 13, 2009, a federal grand jury returned an eight-count indictment against Zeno, charging him with six counts of distribution of cocaine base and one count of possession of

1

cocaine base with intent to distribute. (Rec. Doc. 1) The government filed an "Information to Establish Prior Conviction" under 21 U.S.C. § 851. (Rec. Doc. 24)

The Court appointed Joseph Streva of the Federal Public Defenders Office to represent Zeno. (Rec. Doc. 14). On August 18, 2009 Zeno filed a "Motion to Withdraw" (Rec. Doc. 29) Streva as his attorney which the Court denied on August 28, 2009 (Rec. Dos. 30-31).

On April 14, 2010, a jury found Zeno guilty of Counts 2-7 and not guilty on Count 1. (Rec. Doc. 58). On August 21, 2010, Zeno was sentenced to life imprisonment. (Rec. Doc. 80).

The United States Court of Appeals for the Fifth Circuit affirmed in part and vacated in part the judgment of the District Court on October 25, 2012. (Rec. Doc. 106) His case was remanded for sentencing pursuant to Dorsey v. United States, 132 S.Ct. 2321 (2012) which rendered the Federal Sentencing Act applicable to the defendant. Id. On February 7, 2013 the defendant was resentenced to 240 months imprisonment. (Rec. Doc. 112). His guideline range was 360 months to life imprisonment because the presentence investigation report provided that as a career criminal his offense level was 37 and Criminal History Category was VI. (Rec. Doc. 113) For counts 2, 3, 5, and 6, the maximum term of imprisonment was 360 months per 21 U.S.C. § 841(b)(1)(C). For counts 4 and 7, the term of imprisonment was ten years to life as per 21 U.S.C. § 841(b)(1)(B). The attorney representing the defendant filed a sentencing memorandum. The 240 month sentence was below the advisory guideline range.

## LAW & ANALYSIS

The Due Process Clause of the United States Constitution guarantees a right to a fair trial, and the United States Supreme Court has held that effective counsel is of vital importance in a fair trial. See Strickland v. Washington, 466 U.S. 668, 684-86. A convicted defendant may claim that counsel's assistance was ineffective as to warrant a reversal if both of the following

requirements are met. Id. at 687. First, the defendant must show that counsel's performance was deficient, meaning errors made were so serious as to violate the Sixth Amendment's guarantee of counsel. Id. Second, the defendant must show that the deficient performance caused prejudice to the defense. Id. To satisfy this requirement, the defendant must show that the right to a fair trial was compromised. Id. "Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." Id. If the Court determines that the defendant's claims lack merit and no prejudice was suffered due to the attorney's actions, the Court does not need to address both Strickland prongs. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999). Additionally, the Court's scrutiny of counsel's performance must be highly deferential. Strickland, at 689. Strickland set a high standard for determining that counsel was ineffective as the standard requires a substantial likelihood that a different result would have occurred but for the counsel's actions. Harrington v. Richter, 562 U.S. 86, 112 (2011) ("The likelihood of a different result must be substantial, not just conceivable") (quoting Strickland, 466 U.S. at 693).

Zeno raises four separate grounds challenging the representation he received (Rec. Doc. 115), and his first argument has been addressed separately. Zeno's remaining arguments are addressed below.

Second, Zeno argues that his counsel was ineffective for failing to adequately move to suppress evidence seized during the search of the vehicle between the two driveways. (Rec. Doc. 115). Zeno alleges that the search was conducted in violation of the Fourth Amendment and its warrant requirement, arguing that the car was located within the curtilage of the home and the officers did not receive a warrant or consent to search the car. (Rec. Doc. 115). After a hearing on the Motion to Suppress, the court found nothing wrong with the search of the residence or the

vehicle. Yet, Zeno argues that his attorney should have argued that the lack of a search warrant for one of the houses should have nullified the search.

The Sixth Amendment of the United States Constitution guarantees all criminal defendants the right to have the assistance of defense counsel. U.S. CONST. Amend. VI. However, the Fifth Circuit has held that counsel is not required by the Sixth Amendment to file meritless motions. United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995) (holding that the defendant's counsel did not necessarily render ineffective assistance merely because no motion to suppress the evidence obtained through a faulty search warrant was filed). Defense counsel's motion to suppress, the government's subsequent response, and the transcript of the motion to suppress demonstrate that this proposed argument was frivolous. The transcript from the motion to suppress hearing reveals that defense counsel raised the issue of the warrantless search of the car and because the drugs in the car and in the shared driveway were in plain sight, the search was valid.

Third, Zeno argues that counsel was ineffective for failing to impeach Officer Ortiz and for failing to challenge the court's limits on cross-examination based upon Officer Ortiz's previous submission of false statements to the courts. (Rec. Doc. 115, p. 10). However, the transcript of the trial (Rec. Doc. 94, p. 106) reveals that Zeno's counsel did question Officer Ortiz about his prior misrepresentation in the case of State of Louisiana v. Glen Salard. Upon questioning, Officer Ortiz explained the details of the incident where he incorrectly listed the person that he spoke to in a search warrant. Id. The incident was minor and had no bearing upon this case. Despite Zeno's argument, his counsel's actions were not insufficient, and they in no way caused prejudice by not further pressing the past, unrelated misrepresentation by Officer Ortiz.

Fourth, Zeno argues that counsel was ineffective for failing to preserve and present challenges to the sentence imposed at resentencing pursuant to Alleyne v. United States. (Rec. Doc. 115, p. 15). At the time Zeno was resentenced by this Court, Alleyne was pending in the United States Supreme Court. Id. Zeno contends that his counsel should have preserved, presented, or appealed any Alleyne issue in relation to mandatory sentences that were applied to this case. Id. Specifically, Zeno asserts that this Court at resentencing believed that Zeno could not be sentenced below the 20 year statutory minimum for the related charge. Id. The United States Supreme Court in Alleyne held that any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the jury rather than a sentencing factor. Alleyne v. United States, 133 S.Ct. 2151 (2013).

However, Zeno would not have been entitled to relief pursuant to Alleyne. In Alleyne, the Fifth Circuit held that any fact that increases the mandatory minimum sentence for a crime is an "element" of that crime which is to be submitted to the jury. Id. at 2155. In the present case, the jury found at least five grams for count 6 and 50 grams for count 7 when Zeno challenged the evidence for those indictments. Additionally, the sentence that Zeno received at resentencing was not based on the amount of drugs found in the search, but rather his status as a career offender. Therefore, Zeno's counsel did not cause prejudice through failing to raise an Alleyne issue.

For the foregoing reasons, the motion will be **DENIED**.

Lake Charles, Louisiana, this ___ day of _____, 2016.

```
                                    PATRICIA MINALDI
                                    UNITED STATES DISTRICT JUDGE
```