# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE No. 2:09-cr-0096** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **COURTNEY DONELL ZENO** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion for Relief from Judgment [doc. 147] filed by defendant Courtney Donell Zeno, requesting that his Motion to Vacate [doc. 115] be reopened. This motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

## I.
### BACKGROUND

Following a jury trial, Zeno was convicted in this court of five counts of distribution of cocaine base and one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §841(a)(1), and acquitted of one count of distribution of cocaine base. Doc. 58; *see* doc. 1 (indictment). On August 21, 2010, he was sentenced to life imprisonment. Doc. 80. He sought review in the United States Court of Appeal for the Fifth Circuit, which affirmed in part and vacated in part the district court's judgment. Doc. 106. The Fifth Circuit then remanded the case for resentencing pursuant to *Dorsey v. United States*, 132 S.Ct. 2321 (2012). *Id.* On February 7, 2013, Zeno was resentenced to concurrent terms of 240 months of imprisonment on each count. Doc. 112.

On January 22, 2014, Zeno filed a pro se motion to vacate in this court pursuant to 28 U.S.C. § 2255, alleging that he had received ineffective assistance of counsel. Doc. 115. Zeno then filed a motion to stay/hold the § 2255 motion in abeyance, noting that one of his claims was based on counsel's alleged failure to inform him of his opportunity to file a petition for writ of certiorari in the United States Supreme Court. Doc. 118; *see Lacaze v. United States*, 457 F.2d 1075, 1079 (5th Cir. 1972). Accordingly, he wished to have his § 2255 proceedings stayed while he pursued reopening his time period for filing a petition for writ of certiorari by having the Fifth Circuit recall its mandate from that court's previous judgment. *See* doc. 118. After finding that Zeno's allegations had merit, the district court granted a certificate of appealability on the *Lacaze* claim and ordered that the remaining claims would be stayed pending a decision from the Fifth Circuit. Doc. 129. Zeno filed a motion to recall mandate in the Fifth Circuit, which that court granted on December 11, 2015, by affirming in part and vacating in part the judgment of the district court as before. Doc. 135. The Fifth Circuit also advised Zeno of his renewed right to petition the Supreme Court for review. *Id.*

Zeno, who did not file a petition for writ of certiorari, then filed a motion to withdraw his "pending and premature § 2255 motion" on April 27, 2016. Doc. 139. There he argued that his first § 2255 motion was premature, that his one-year time limit for seeking relief under § 2255 had been reset by the Fifth Circuit's withdrawal of its mandate, and that the limitations period only began to run in March 2016 when his time for seeking review in the Supreme Court from the Fifth Circuit's December 2015 judgment expired. *Id.* The court ordered a response from the government on the motion to withdraw. Doc. 140. After that motion was fully briefed, however, it denied Zeno's § 2255 motion on the merits without directly addressing his motion to withdraw same.

Docs. 144, 145. It subsequently issued a memorandum order denying the motion to withdraw and clarifying that it had considered that motion before ruling on the § 2255 motion. Doc. 146.

Zeno now moves, under Rule 60(b)(6) of the Federal Rules of Civil Procedure, for relief from judgment. Through this motion he requests that the court reopen his § 2255 motion, and alleges that the court erred in denying his request to dismiss same so that "[h]is more elaborate and fuller § 2255," which would now face additional hurdles as an untimely and/or successive motion, "never got an opportunity to be heard." Doc. 147, pp. 6–7.

## II.
### LAW AND ANALYSIS

Federal Rule of Civil Procedure 60(b) allows the court to grant a party relief from a final order or judgment based on several grounds, including (as alleged here) "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). In *Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005), the Supreme Court held that a prisoner may use Rule 60(b) to attack the dismissal of his § 2254 petition where his Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceeding" rather than "the substance of the federal court's resolution of a claim on the merits." *Id.* at 2648. The Court limited its holding to § 2254 petitions and emphasized that § 2255 had separate rules governing second or successive petitions. *Id.* at 2646 n. 3. Since that time, however, the Fifth Circuit has repeatedly indicated its willingness to apply Rule 60(b) to § 2255 proceedings under the same principles announced in *Gonzalez. E.g.*, *Williams v. Thaler*, 602 F.3d 291, 302 & n. 4 (5th Cir. 2010); *see also United States v. Brown*, 547 Fed. App'x 637, 641 (5th Cir. 2013) (collecting cases). In this matter the Rule 60(b) motion relates to the integrity of proceedings rather than the court's resolution of the merits of a claim, based on Zeno's contention that the court's refusal to allow him to withdraw his § 2255 motion bars him from having a subsequent motion considered on the merits. Accordingly, it is properly brought and considered under Rule 60(b).

When seeking relief under Rule 60(b)(6), a movant must "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (quoting *Gonzalez*, 125 S.Ct. at 2649). In determining whether extraordinary circumstances exist, the court may consider a wide range of factors. "These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck v. Davis*, 137 S.Ct. 759, 778 (2017) (quoting *Liljeberg v. Health Svcs. Acquisition Corp.*, 108 S.Ct. 2194, 2197 (1988)). The burden, however, remains on the movant to demonstrate the extraordinary circumstances that warrant this exceptional form of relief. *E.g.*, *Martin v. Fidelity Nat. Title*, 2015 WL 770405, at *1 (E.D. La. Feb. 23, 2015) (citing *Heirs of H.P. Guerra v. United States*, 207 F.3d 763, 767 (5th Cir. 2000)).

In this matter Zeno alleges exceptional circumstances based on the potential injury to his ability to pursue collateral review through a "more elaborate and fuller § 2255 motion." Doc. 147, p. 7. However, he fails to show how he would have supplemented his claims or what additional claims he might have asserted if the court had granted his motion to withdraw and allowed him another opportunity at filing a first § 2255 motion. Furthermore, even if he could show what changes he would have made to his § 2255 motion, we would not consider his burden met under Rule 60(b)(6) unless he could also show some merit to his new/enhanced claims. Accordingly, Zeno does not come close to showing that "extraordinary circumstances" are present in this case and so his motion to re-open the § 2255 proceedings should be denied.

## III.
### CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the instant motion [doc. 147] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir.  1996).

THUS DONE this 25th day of March, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE